MATTHEW G. WHITAKER
Acting Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
ALAN A. MARTINSON
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – NWB
Washington, D.C. 20530
Email: alan.martinson@usdoj.gov
Telephone: 202-616-2191
Facsimile: 202-514-1116

CRAIG CARPENITO
United States Attorney
MICHAEL E. CAMPION
Chief, Civil Rights Unit
CHRISTOPHER AMORE
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: michael.campion@usdoj.gov
Telephone: 973-645-3141
Facsimile: 973-297-2010

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>           Plaintiff,<br><br>        v.<br><br>**PHH MORTGAGE CORPORATION**<br><br>           *Defendant.* | Civil Action No. 19-4767<br><br>**COMPLAINT** |

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys, files this Complaint and alleges as follows:

## INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against PHH Mortgage Corporation (hereinafter referred to as "Defendant") for violating the SCRA by completing foreclosures, without court orders, of homes owned by servicemembers who took out mortgage loans prior to entering military service. *See* 50 U.S.C. § 3953.  These servicemembers had either received orders to report for active duty, were on active duty, or had recently completed active duty at the time of the foreclosures and, therefore, were protected by the SCRA.

2. The purpose of the SCRA is to provide servicemembers with protections to enable them to devote their entire energy to the defense needs of the Nation and to protect their civil rights during military service.  *See* 50 U.S.C. § 3902.  One of those protections is that, for mortgage obligations that originated before the period of the servicemember's military service, the servicemember's home may not be sold or foreclosed upon for breach of that obligation during, or within one year after, the period of the servicemember's military service, unless there is a court order or valid waiver of SCRA rights.  *See* 50 U.S.C. § 3953.

3. A person or entity who forecloses, without a court order, on property owned by a servicemember protected under Section 3953(a) of the SCRA violates that servicemember's federally protected rights under the SCRA.  This lawsuit is brought to vindicate the rights of servicemembers whose homes were wrongly foreclosed upon by Defendant, to vindicate the public interest, and to protect servicemembers from future violations of their rights.  *See* 50 U.S.C. § 4041(b).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 50 U.S.C. § 4041.

5. Defendant is a New Jersey corporation, administered from, and with a principal place of business at, 1 Mortgage Way, Mount Laurel, New Jersey.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of New Jersey, and Defendant conducts business within the District of New Jersey.

**DEFENDANT**

7. Defendant is a stand-alone mortgage company that originates, sells, services and subservices residential mortgage loans. PHH is one of the United States' largest mortgage loan servicers, operating nationwide. Defendant's last reported annual sales (as of December 31, 2017) were $456 million.

**FACTUAL ALLEGATIONS**

8. From January 1, 2010 through April 4, 2012, Defendant initiated and completed six foreclosures, without court orders or valid waivers of SCRA rights, of real property owned by SCRA-protected servicemembers.

9. At the time of the foreclosures, the individuals who owned the properties were servicemembers who were in military service, as defined by 50 U.S.C. § 3911(1) and (2), had completed a period of military service within the past year (or nine months for foreclosures before February 2, 2013), *see* 50 U.S.C. § 3953(c), or were members of a reserve component who had been ordered to report for military service, as defined by 50 U.S.C § 3917(a).

10. Defendant conducted non-judicial foreclosures even when it knew or should have known that the borrowers were SCRA-protected servicemembers.

11. The Department of Defense provides those seeking to comply with the SCRA an automated database run by the Defense Manpower Data Center ("DMDC database") to check whether individuals are SCRA-protected servicemembers. While its foreclosure protocols did include some efforts to verify military status, Defendant failed in practice to take adequate steps to identify protected servicemembers.

12. On May 6, 2016, the Department of Justice ("DOJ") received a complaint through its Servicemembers and Veterans Initiative website at www.servicemembers.gov, alleging an unlawful foreclosure without a court order in violation of the SCRA, among other claims. The United States did not learn, and reasonably could not have known, about Defendant's alleged violation of the SCRA until after it received the complaint.

13. On February 2, 2017, DOJ notified Defendant that it was opening an investigation into Defendant's foreclosure practices, and obtained documents from Defendant, including its SCRA policies and procedures, a list of all mortgage foreclosures it had conducted without obtaining a court order at any time since January 1, 2010, and documents related to any complaints alleging violations of the SCRA. DOJ compared the DMDC database with the foreclosure list, which revealed that Defendant had conducted unlawful foreclosures against six protected servicemembers.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

14. The SCRA provides that, for an "obligation on real or personal property owned by a servicemember that – (1) originated before the period of the servicemember's military service and for which the servicemember is still obligated; and (2) is secured by a mortgage, trust deed, or

other security in the nature of a mortgage," 50 U.S.C. § 3953(a), "[a] sale, foreclosure, or seizure of property for a breach of [such] an obligation…shall not be valid if made during, or within one year after,[1] the period of the servicemember's military service except – (1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court; or (2) if made pursuant to an agreement as provided in section 3918 of this title." 50 U.S.C. § 3953(c); *see also* 50 U.S.C. § 3918 (setting forth requirements for a waiver of SCRA rights).

15. Defendant's violations of Section 3953 of the SCRA, 50 U.S.C. § 3953, raise issues of significant public importance.

16. The servicemembers whose homes were foreclosed upon without court orders or valid waivers of SCRA rights in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

17. Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

**RELIEF REQUESTED**

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.*;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, from:

---

[1] Between July 30, 2008 and February 2, 2013, servicemembers were protected for nine months after the period of military service, rather than one year.

    a. selling, foreclosing upon, or seizing the real property of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3953;

    b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendant's illegal conduct to the position he or she would have been in but for that illegal conduct; and

    c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct; and

3. Awards monetary damages to each identifiable victim of Defendant's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2).

The United States further requests such additional relief as the interests of justice may require.

|  |  |
|---|---|
|  | MATTHEW G. WHITAKER<br>Acting Attorney General |
| CRAIG CARPENITO<br>United States Attorney | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| /s/ Michael E. Campion<br>MICHAEL E. CAMPION<br>Chief, Civil Rights Unit<br>CHRISTOPHER AMORE<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>District of New Jersey<br>970 Broad Street, Suite 700<br>Newark, New Jersey 07102<br>Email: michael.campion@usdoj.gov<br>Telephone: 973-645-3141 | SAMEENA SHINA MAJEED<br>Chief<br>Housing & Civil Enforcement Section<br><br>ELIZABETH A. SINGER<br>Director, U.S. Attorneys' Fair Housing<br>  Program<br><br>/s/ Alan A. Martinson<br>ALAN A. MARTINSON<br>Trial Attorney<br>U.S. Department of Justice |

                                          Civil Rights Division
                                          Housing & Civil Enforcement Section
                                          950 Pennsylvania Ave. NW – NWB
                                          Washington, D.C. 20530
                                          Email: alan.martinson@usdoj.gov
                                          Telephone: 202-616-2191
                                          Fax: 202-514-1116